IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| HOPE RENDON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 9:23-cv-00137 |
| § | |
| § | JURY DEMANDED |
| § | |
| SANDERSON FARMS, INC. § | |
| (Processing Division) § | |
| Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Hope Rendon hereby files this, her Original Complaint, against Defendant Sanderson Farms, Inc. (Production Division) for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

**I.   PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Hope Rendon ("Plaintiff" or "Rendon") is currently a citizen and resident of Palestine, Texas.

2. Defendant Sanderson Farms, Inc. (Processing Division) ("Sanderson Farms" or "Defendant") is a Mississippi corporation licensed to do business in Texas. Defendant's main offices are located at 127 Flynt Road, Laurel, Mississippi 39443. Defendant operates a poultry processing plant in Palestine, Texas where Plaintiff was employed.

3. Defendant Sanderson Farms, Inc. will be served by and through its registered agent for service, CT Corporation System, 1999 Bryan St #900, Dallas, TX 75201.

4. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 as Plaintiff is claiming violations of Title VII of the Civil Rights Act of 1964 and the Fair

Labor Standards Act.

5. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

6. Most of the acts alleged herein occurred in Anderson County, Texas.

## II.     FACTUAL BACKGROUND

7. Plaintiff Rendon was employed by Sanderson Farms (Processing Division) in the human resources department in Palestine, Texas beginning in March of 2014. In Winter 2019, Rendon complained about improper training of KRONOS program that was going to be rolled out to all locations to her boss Allen Butler who then, in turn and spoke at a divisional management meeting about her concerns. The concerns expressed regarding the KRONOS timekeeping system pertained to whether Sanderson Farms would be paying its employees for all hours worked in compliance with the Fair Labor Standards Act.

8. A conference call was had after this meeting with all HR managers where Brian Romano got on the call and said if anyone had an issue with KRONOS and the training, he would "take care of them himself." Anyone on the call could hear the disdain in his voice, and he was extremely upset.

9. By Late November/December 2019 Sanderson Farms began to question Rendon's performance. In her prior 5 years with the company Rendon had not a single write-up and every performance review was at the high end and completely satisfactory.

10. Rendon went out on FMLA due to her mother's passing away. Upon her return in April 2020, Rendon was issued a write up for something that occurred in 2019, which was questionable given that her December 2019 was completely satisfactory and on the high end. Rendon contends that the only cause for the write up was her complaints about the KRONOS timekeeping system issues.

11. In February, a complaint came into the Palestine human resources office from an

employee who stated she had been hit with a chicken and had been harassed by another hourly employee. She was sent home pending investigation due to her being upset. After speaking with her witnesses and the person she alleged harassed her Rendon was unable to establish if the employee's allegations were true. In reviewing the cameras, the employee had not been honest about the events that occurred on the floor about being hit with chicken and she was also seen to have left her work area and grabbed a chicken from a bay and aggressively throw it back into the vat. The employee was terminated for this reason.

12. A week later the corporate office received an email from a third party advocating for the employee. The allegations in the email were false and an investigation was then conducted into Rendon's findings. Brian Romano, Brian Williams, and Jason Vernardo flew in from the corporate office to conduct a one-day investigation. In the 8 years with the company, Rendon had never witnessed something like this and had personally done many investigations that were extremely serious.

13. During Rendon's termination meeting, Allen Butler confirmed that he had put a target on Rendon's back when he spoke out on her behalf regarding the lack of KRONOS training, and that her termination was a part of their agenda. Prior to her termination Rendon was not offered the opportunity to be placed on a performance improvement plan as had been offered to many employees in the past. To that end, Rendon contends that she was not afforded the same opportunity as similarly situated white and male employees.

### III.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION – FAIR LABOR STANDARDS ACT – RETALIATORY TERMINATION

14. The previous paragraphs are incorporated by reference herein.

15. The Defendant's termination of Plaintiff was in retaliation for her lodging complaints regarding Sanderson Farm's implementation of changes to its KRONOS timekeeping system which could have resulted in violations of the FLSA. Plaintiff seeks relief as provided by 29 U.S.C. §216(b), including without limitation reinstatement, or if reinstatement is impracticable, front pay in lieu of reinstatement, payment of wages lost as a result of Plaintiff's retaliatory discharge, an additional amount equal to the wages lost as liquidated damages, and such legal or equitable relief as may be appropriate to effectuate the purposes of §215(a)(3), including compensatory damages for mental anguish, loss of enjoyment of life, future loss of earning capacity and attorney fees and costs.

16. Defendant's retaliatory discharge of Plaintiff was willful, malicious, and with conscious disregard of Plaintiff's statutorily protected rights, thus entitling Plaintiff to an award of punitive damages.

### B. SECOND CAUSE OF ACTION (GENDER DISCRIMINATION)

17. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

18. Plaintiff is informed and believes and therefore alleges that Defendant replaced her in the position which she formerly held with Defendant with a male employee.

19. The termination of Plaintiff by Defendant was because of Plaintiff's gender, which violates 42 U.S.C §2000e, et seq. and therefore entitles Plaintiff to relief under the provisions thereof.

20. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic gender discrimination against Plaintiff by inter alia;

21. Failing to equalize conditions of employment for Plaintiff as contrasted with comparably trained and qualified male employees; and,

22. Adopting unreasonable, unwarranted, and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff in favor of male employees.

23. The termination of Plaintiff's employment by Defendant was a malicious violation of Title VII and as such entitles Plaintiff to recover punitive damages.

### C. THIRD CAUSE OF ACTION (RACE DISCRIMINATION)

24. Rendon alleges that Sanderson Farms has discriminated against her by treating her differently from and less preferably than similarly situated non-African American employees and subjecting her to discriminatory subjection to disciplinary procedures, disparate terms and conditions of employment, harassment, hostile work environments, termination, and other forms of discrimination in violation of Section 1981.

25. Sanderson Farms' conduct has been disparate, intentional, deliberate, willful, and conducted in callous disregard of the rights of Rendon.

26. Because of the discrimination suffered at Sanderson Farms, Rendon is entitled to all legal and equitable remedies available under Section 1981.

### IV. DAMAGES

27. As a result of Defendant's violations of the law described herein, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

28. As a result of this willful and malicious violation of the law described herein, Plaintiff requests that she be awarded all damages, to which she is entitled, including punitive damages. Plaintiff also requests any additional equitable relief to which she is entitled.

29. Plaintiff also requests reasonable attorney's fees and court costs.

## V. JURY DEMAND

30. Plaintiff requests trial by jury on all claims for which a jury trial is available.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;

b. Judgment against Defendant for punitive damages for the maximum amount allowed by law;

c. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the law;

d. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

e. Costs of suit, including attorney's fees;

f. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
Hommel Law Firm
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone and Facsimile

ATTORNEY FOR PLAINTIFF